LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

VICTOR COYOTL CUAYA,
*on behalf of himself,*
*FLSA Collective Plaintiffs*
*and the Class,*

                    Plaintiff,


                    v.


VI DEVELOPMENT GROUP, LLC
          d/b/a BREAD & BUTTER,
570 KCBS CORP.
          d/b/a BREAD & BUTTER,
401 KCBS CORP.
          d/b/a BREAD & BUTTER,
462 BKCS LTD.
          d/b/a BREAD & BUTTER,
BKCS LTD.
          d/b/a BREAD & BUTTER,
K&H 14 INC.
          d/b/a BREAD & BUTTER,
FOOD & BEYOND LLC.
          d/b/a BREAD & BUTTER,
TERENCE PARK, and
BYUNG IL PARK,

                    Defendants.

---

Case No:


**CLASS AND**
**COLLECTIVE**
**ACTION COMPLAINT**

Plaintiff, VICTOR COYOTL CUAYA ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, VI DEVELOPMENT GROUP, LLC d/b/a BREAD & BUTTER, 570 KCBS CORP. d/b/a BREAD & BUTTER, 401 KCBS CORP. d/b/a BREAD & BUTTER, 462 BKCS LTD. d/b/a BREAD & BUTTER, BKCS LTD. d/b/a BREAD & BUTTER, K&H 14 INC. d/b/a BREAD & BUTTER, FOOD & BEYOND LLC. d/b/a BREAD & BUTTER, (the "Corporate Defendants"), TERENCE PARK, and BYUNG IL PARK (the "Individual Defendants," and collectively with the Corporate Defendants, the "Defendants") and states as follows:

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) compensation for unpaid off-the-clock work, (3) liquidated damages, and (4) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime premium, (3) compensation for unpaid off-the-clock work, (4) unpaid spread of hours premium, (5) statutory penalties, (6) liquidated damages and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## **PARTIES**

5.      Plaintiff, VICTOR COYOTL CUAYA, for all relevant time periods, was a resident of Queens County, New York.

6.      Defendants operate a chain of deli restaurants as a single integrated enterprise under the shared trade name "Bread & Butter" at the following addresses:

(a) 25 West 56th Street, New York NY 10019, operated by 570 KCBS CORP.;

(b) 401 East 34th Street, New York NY 10016, operated by 401 KCBS CORP.;

(c) 462 7th Avenue, New York NY 10018, operated by 462 BKCS LTD.;

(d) 14 East 44th Street, New York NY 10017, operated by K & H 14 INC.;

(e) 303 5th Avenue, New York NY 10016, operated by BKCS LTD.; and

(f) 419 Park Avenue South, New York NY 10016, operated by FOOD & BEYOND LLC

(collectively the "Restaurants").

8.      The Restaurants operate as a single integrated enterprise. Specifically, the Restaurants are engaged in related activities, share common ownership and have a common business purpose:

(a)      The Restaurants are commonly owned and operated by the Individual Defendants.

(b)      The Restaurants are advertised jointly as a common enterprise on Defendants' website, www.breadbutternyc.com.

(c)      The Restaurants share a common logo and similar menus, with many identical menu items.

(d)         The Restaurants share payroll methods and have a single, centralized system of labor relations for employees at both locations

(e)         Supplies are interchangeable among the Restaurant locations

(f)         Employees are interchangeable among the Restaurants' locations.

9.     Corporate Defendants:

(a)         VI DEVELOPMENT GROUP LLC d/b/a BREAD & BUTTER is a domestic business corporation organized under the laws of the State of New York with an address for service of process located at 635 W. 42nd Street, Suite 15D, New York NY 10036. VI DEVELOPMENT GROUP LLC operates all of the Restaurants' locations.

(b)         570 KCBS CORP. d/b/a BREAD & BUTTER is a domestic business corporation organized under the laws of the State of New York, with an address for service of process at 303 5th Avenue, New York, NY 10016. 570 KCBS CORP. owns and operates Bread & Butter located at 25 West 56th Street, New York, NY 10019.

(c)         401 KCBS CORP. d/b/a BREAD & BUTTER is a domestic business corporation organized under the laws of the State of New York, with an address for service of process at 401 E. 34th St., New York, NY 10016. 401 KCBS CORP. owns and operates Bread & Butter located at 401 E. 34th St., New York, NY 10016.

(d)         462 BKCS LTD. d/b/a BREAD & BUTTER is a domestic business corporation organized under the laws of the State of New York, with an address for service of process at 462 7th Avenue, New York, NY 10018. 462 BKCS LTD. owns and operates Bread & Butter located at 462 7th Avenue, New York, NY 10018.

(e)         BKCS LTD. d/b/a BREAD & BUTTER is a domestic business corporation organized under the laws of the State of New York, with an address for service of process at 303

5th Avenue, New York, NY 10016. BKCS LTD. owns and operates Bread & Butter located at 303 5th Avenue, New York NY 10016.

(f)        K & H 14 INC. d/b/a BREAD & BUTTER is a domestic business corporation organized under the laws of the State of New York, with an address for service of process at 14 East 44th Street, New York, NY 10017. K & H 14 INC. owns and operates Bread & Butter located at 14 East 44th Street, New York NY 10017.

(g)        FOOD & BEYOND LLC d/b/a BREAD & BUTTER is a domestic business corporation organized under the laws of the State of New York, with an address for service of process at 419 Park Avenue, New York, NY 10016. FOOD & BEYOND LLC owns and operates Bread & Butter located at 419 Park Avenue South, New York NY 10016.

10.     Individual Defendant TERENCE PARK is an owner and principal of all of the Corporate Defendants. Defendant TERENCE PARK exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. TERENCE PARK frequently visited each of the restaurant locations. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to TERENCE PARK directly regarding any of the terms of their employment, and TERENCE PARK had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

11.     Individual Defendant, BYUNG IL PARK is an owner and principal of the Corporate Defendants. Defendant BYUNG IL PARK exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. BYUNG IL PARK frequently visited each of the Restaurant locations. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to BYUNG IL PARK directly regarding any of the terms of their employment, and BYUNG IL PARK had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

12.     At all relevant times, the Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

13.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

14.     Although Plaintiff did not work at all of the Restaurants, the Restaurants are appropriately named in this Complaint through the relevant Corporate Defendants described above. Because the Restaurants share identical illegal wage and hour policies, the Restaurants and the relevant Corporate Defendants are properly named on the basis of their outstanding liability to the Class members for whom Plaintiff seeks to represent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section

16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees, including but not limited to cooks, food preparers, cashiers, counter persons, cleaning persons and delivery persons employed by Defendants on or after the date that is six years before the filing of the Complaint ("FLSA Collective Plaintiffs").

16.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked, and failure to pay overtime premium at one and one half times their straight time base hourly rates for each hour worked in excess of forty (40) per workweek. Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. Further, with respect to employees who were delivery persons (the "Tipped Subclass"), Defendants were not entitled to take any tip credits under the FLSA, or to compensate FLSA Collective Plaintiffs at sub-minimum wage base hourly rates, because they failed to satisfy all statutory requirements for taking a tip credit.

17.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

18.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure

("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees, including but not limited to cooks, food preparers, cashiers, counter persons, cleaning persons and delivery persons employed by Defendants on or after the date that is six years before the filing of the Complaint (the "Class Period").

19.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

20.     The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees comprised of delivery persons ("Tipped Subclass") who number more than forty (40).

21.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, including (i) failing to pay proper minimum wage, (ii) failing to pay overtime premium, (iii) failing to pay spread of hours, (iv) mandating unpaid off-the-clock work, (v) failing to provide wage statements in compliance with the New York Labor Law, and (vi) failing

to provide wage and hour notices upon hiring and as required thereafter, pursuant to the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures. With respect to the Tipped Subclass, Defendants unlawfully claimed a tip credit without satisfying all statutory requirements for taking a tip credit.

22.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

23.    A class action is superior to other available methods for fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action

would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a)  Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

    b)  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

    c)  At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d) Whether Defendants properly notified Plaintiff and the Class members of their hourly rate and overtime rate;

e) Whether Defendants properly provided notice to members of the Tipped Subclass that Defendants were taking a tip credit;

f) Whether Defendants provided proper wage statements informing the Tipped Subclass members of the amount of tip credit taken for each payment period, their proper overtime rate of compensation and other information required to be provided on wage statements, as required under the New York Labor Law;

g) Whether Defendants established the tip payment structure for the Tipped Subclass members;

h) Whether Defendants took the proper amount of tip credit allowance under the New York Labor Law;

i) Whether Defendants required Tipped Subclass members to perform non-tipped duties exceeding twenty percent (20%) of each workday;

j) Whether Defendants established the tip payment structure for Class members without the agreement or consent of the Class members;

l) Whether Defendants provided to Plaintiff and Class members proper wage and hour notices at date of hiring, per requirements of the New York Labor Law;

m) Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law;

n) Whether Defendants paid the "spread of hours" premium owed to Plaintiff and Class members working more than ten hours per day as required by New York Labor Law;

o) Whether Defendants paid Plaintiff and Class members overtime premium at one and one half times their straight time base hourly rates for all hours worked in excess of forty (40) each workweek;

q) Whether Defendants required Plaintiff and Class members to perform unpaid off-the-clock work; and

r) Whether Defendants paid Plaintiff and Class members the federal and state minimum wage for all hours worked.

## STATEMENT OF FACTS

26. In or around 2010, Plaintiff VICTOR COYOTL CUAYA was hired by Defendants to work as a cook for Defendants' Deli Restaurant at 303 5th Avenue, New York NY 10016. Plaintiff's employment by Defendants was terminated in January 2019.

27. From 2010 to June 2013, Plaintiff worked three 3 days per week for eleven (11) hours per day and three (3) days per week for twelve (12) hours per day, for a total of sixty-nine (69) hours each week. During Plaintiff's employment, FLSA Collective Plaintiffs and Class members similarly worked in excess of forty (40) hours each workweek.

28. From June 2013 to January 11, 2019, Plaintiff worked six (6) days per week for eleven (11) hours per day, for a total of sixty-six (66) hours per week. Plaintiff had to work through lunch, and defendants deducted a half-hour from Plaintiff's time even though Plaintiff was working. This policy of required off-the-clock work resulted in approximately three (3) unpaid off-the-clock hours per workweek. Similarly, FLSA Collective Plaintiffs and Class members suffered from the same policies and are owed wages from off-the-clock work.

29. During his employment by Defendants, Plaintiff was paid at different rates:

a. From 2010 until June 2013, Plaintiff was paid a weekly rate of $450.00.

    b.  From June 2013 until December 31, 2016, Plaintiff was paid at a fixed weekly salary of $480.00.

    c.  From January 1, 2017 until December 31, 2018, Plaintiff was paid at a base hourly rate of $13.00 per hour.

    d.  From January 1, 2019 until January 11, 2019, Plaintiff was paid at a base hourly rate of $18.00 per hour.

30.    From around 2010 until the end of 2016, Defendants willfully violated Plaintiff CUAYA's rights by paying him on a fixed salary basis, in violation of the FLSA and New York Labor Law because Plaintiff CUAYA was a non-exempt employee who must be paid on an hourly basis. Similarly, FLSA Collective Plaintiffs and Class Members were paid on a fixed salary basis in violation of the FLSA and New York Labor Law.

31.    At all relevant times, Plaintiff worked a combined total of more than forty (40) hours each workweek. However, Defendants failed to pay him all of the overtime premium due for those hours he worked in excess of forty (40) each workweek. Similarly, FLSA Collective Plaintiffs and Class Members were not paid their overtime premium for hours that they worked in excess of forty (40) each workweek.

32.    Throughout his employment by Defendants, Plaintiff was required to work shifts exceeding ten (10) hours in duration, but never received any spread of hours premium. Similarly, Class Members were frequently required to work shifts exceeding ten (10) hours in duration, but were never paid spread of hours premium.

33.    Plaintiff, FLSA Collective Plaintiffs, and Class members were required by Defendants to perform unpaid off-the-clock work, resulting in unpaid wages and overtime premium.

34.    Defendants paid the Tipped Subclass at "tip credit" rates below the prevailing federal and New York State minimum wages.  However, Defendants were not entitled to claim any tip credits under the FLSA or NYLL, because they (i) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit, in violation of the FLSA and NYLL, (ii) failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period, or the hourly rate of tip credit deduction, in violation of the NYLL, and (iii) caused tipped employees to engage in non-tipped duties exceeding 20% of each workday, or two (2) hours of each shift, in violation of the FLSA and NYLL.

35.    Defendants never provided Plaintiff with wage notices, as required by the NYLL. Similarly, FLSA Collective Plaintiffs and Class Members were never provided with any wage notices.

36.    Defendants did not provide Plaintiff with proper wage statements at all relevant times.  Class members also did not receive proper wage statements, in violation of the NYLL.

37.    Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFFS AND FLSA COLLECTIVE PLAINTIFFS

38.    Plaintiff realleges and reavers Paragraphs 1 through 37 of this class and collective action Complaint as if fully set forth herein.

39.    At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

40.    At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

41.    At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

42.    At all relevant times, Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

43.    Defendants willfully violated Plaintiff and FLSA Collective Plaintiffs' rights by refusing to compensate them for off-the-clock hours during which they were required to work;

44.    Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

45.    Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

46.    As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

47.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid overtime premium, and an equal amount as liquidated damages.

48.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**

**VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFFS AND CLASS MEMBERS**

49.     Plaintiff realleges and reavers Paragraphs 1 through 48 of this class and collective action Complaint as if fully set forth herein.

50.     At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

51.     Defendants willfully violated Plaintiff and Class members' rights by failing to pay them minimum wages in the lawful amount for hours worked.  Defendants further violated the rights of the tipped subclass by claiming a tip credit when as factually described above, Defendants were not entitled to claim any tip credits under NYLL with respect to the Tipped Subclass.

52.     Defendants willfully violated Plaintiff and Class members' rights by failing to pay them overtime compensation at the rate of not less that one and one-half times their straight time base hourly rates for each hour that they worked in excess of forty (40) each workweek.

53.     Defendants willfully violated Plaintiff and Class members' rights by failing to pay them spread of hours premiums required by state law;

54.     Defendants willfully violated Plaintiff and Class members' rights by refusing to compensate them for off-the-clock hours during which they were required to work;

55.     Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

56.     Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

57.     Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime premium, unpaid spread of hours premium, compensation for unpaid off-the-clock hours worked, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d.  An award of unpaid compensation due to Defendants' policy of requiring unpaid off-the-clock work under the FLSA and the New York Labor Law;

e.  An award of unpaid minimum wages due under the New York Labor Law;

f.  An award of unpaid spread of hours premium due under the New York Labor Law;

g.  An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

h.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime premium, pursuant to 29 U.S.C. § 216;

i.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage, overtime premium, wages for off-the-clock work, and spread of hours premium pursuant to the New York Labor Law;

j.  An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

k.  Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

l.  Designation of this action as a class action pursuant to F.R.C.P. 23;

m.  Designation of Plaintiff as Representative of the Class; and

n.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: May 10, 2019

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

By: */s/ C.K. Lee          .*
    C.K. Lee (CL 4086)