UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR COYOTL CUAYA,

                Plaintiff,

-vs-

*VI DEVELOPMENT GROUP LLC* d/b/a BREAD & BUTTER, *570 KCBS CORP.* d/b/a BREAD & BUTTER, *401 KCBS CORP.* d/b/a BREAD & BUTTER, *462 BKCS LTD.* d/b/a BREAD & BUTTER, *BKCS LTD.* d/b/a BREAD & BUTTER, K&H 14 INC. d/b/a BREAD & BUTTER, FOOD & BEYOND, LLC d/b/a BREAD & BUTTER, *TERENCE PARK* and *BYUNG IL PARK*,

                Defendants.

CASE NO.: 19 CIV. 4290 (RA) (JLC)

## **DECLARATION OF JONATHAN SUE**

I, JONATHAN Y. SUE, declare as follows:

I am an attorney in good standing and admitted to the New York State bar and the bar of the United States District Court, Southern District of New York.

1.    On December 3, 2019, a court ordered mediation session was held. The mediator Michael Wolfson, plaintiff Victor Coyotl Cuaya and his counsel Daniel Needham, Defendant Food & Beyond, LLC, by Jimmy Kim and myself as counsel and Eli Freedberg as counsel for the remaining defendants (except K&H 14 Inc., which is out of the case).

2.    During the session, it was discovered that an individual who was with plaintiff was not an interpreter but a "friend" of plaintiff and therefore he was asked to leave as he was not permitted to be present.

3.    As the mediation session continued with the assistance of an interpreter via telephone from plaintiff's attorney's office, it was made very clear that plaintiff (or evidently his counsel) had absolutely no interest in settling his claim on an individual basis.

LAW OFFICES OF
JONATHAN Y. SUE, PLLC
303 Fifth Avenue
Suite 1207
New York, NY 10016
212.967.1001

4. Being that plaintiff only worked for Food & Beyond, LLC, for approximately three (3) weeks and participating with mediation with an effort at settling the case, it was quite unexpected to be met with a posture from plaintiff's counsel that a settlement would be entertained on a "class basis" only without any previous notice.

5. In furtherance of perhaps obtaining a settlement demand from plaintiff, I asked plaintiff (through his counsel and interpreter) whether he knew any of the employees at defendants' stores or whether he was friends/acquaintances with anyone and he responded "no."

6. I further asked then why he would be willing at a minimum to delay the resolution of his case by months and possibly diminish his recovery to pursue a class certification/action for people who were essentially strangers to him. I further asked why he refused to provide a settlement demand for himself when he previously provided a damage calculation (upon information and belief August 26, 2019).

7. Plaintiff stared blankly and just said "no." It was obvious that plaintiff was not acting in his best interest and only saying what his counsel instructed.

8. I asked plaintiff how he could not have a demand for himself, whether it was a million dollars or more but he maintained that he would only pursue a class settlement.

9. Had plaintiff communicated his intent prior to the mediation session that there was no option of settling on an individual basis our client would have not participated in the mediation session. Furthermore, if only a class settlement was intended, plaintiff's counsel should have provided information relevant to a class settlement in advance so that defendants could have at least reviewed the proposal.

10. As such the entire mediation session was a waste of time and absolutely nothing was accomplished.

LAW OFFICES OF
JONATHAN Y. SUE, PLLC
303 Fifth Avenue
Suite 1207
New York, NY 10016
212.967.1001

I declare under penalties of perjury that the foregoing is true and correct.

Dated: New York, New York
March 4, 2020                                                            */s/    Jonathan Sue*
                                                                          **Jonathan Sue**

Law Offices Of
Jonathan Y. Sue. PLLC

303 Fifth Avenue
Suite 1207
New York, NY 10016
212.967.1001