UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VICTOR COYOTL CUAYA, *on behalf of himself and a class of similarly situated individuals*,

        Plaintiff,

   v.

VI DEVELOPMENT GROUP, LLC d/b/a/ BREAD & BUTTER, *et al.*,

        Defendants.

---

No. 19 Civ. 4290 (JLC)

---

**MOVING DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**

---

Eli Z. Freedberg
Gary Moy
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, New York 10022
212.583.9600

*Attorneys for Moving Defendants*

## TABLE OF CONTENTS

Page

ARGUMENT ................................................................................................................. 1

I.    PLAINTIFF AND HIS COUNSEL FAIL TO REBUT DEFENDANTS'
      FACTUAL ASSERTIONS CONCERNING THEIR CONDUCT WARRANTING
      SANCTIONS ......................................................................................................... 1

II.   THE COURT SHOULD GRANT ATTORNEY'S FEES AND EXPENSES
      REQUESTED AT THE UNOPPOSED RATE AND AMOUNT INCURRED IN
      CONNECTION WITH MEDIATION AND MOTION FOR SANCTIONS .................... 7

III.  THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR SANCTIONS ............. 8

CONCLUSION ............................................................................................................. 10

I.      **PLAINTIFF AND HIS COUNSEL FAIL TO REBUT DEFENDANTS' FACTUAL ASSERTIONS CONCERNING THEIR CONDUCT WARRANTING SANCTIONS**

Rather than address the actual arguments Moving Defendants' proffered in support of their motion for sanctions Plaintiff and Lee Litigation Group instead create a strawman argument. The crux of Plaintiff's defense to the motion is that "Defendants . . . seek[] sanctions against Plaintiff for not accepting an individual settlement and insisting on a class settlement." (Plf. Opp. Memo. at p. 3 at ¶ 10)  This is a bewildering mischaracterization of Defendants' position in light of Defendants' explicit acknowledgment that "plaintiff need not settle a matter if he elects not do so" and "[n]or is a plaintiff required to engage in settlement negotiations or participate in mediation if he prefers to litigate a matter".  (Defs. Memo. at p. 7)  The purpose for Plaintiff and his counsel's attempt to misdirect the Court is obvious: they cannot and do not dispute Moving Defendants' characterization of their conduct, which is indefensible and warrants sanctions.

Defendants' primary complaint is that Plaintiff and his counsel failed to cancel the mediation despite having no interest in engaging in any settlement negotiations, regardless of whether those settlement discussions concerned an individual or class wide settlement. This lack of courtesy and candor caused Defendants to unnecessarily incur a significant expenditure of time and money in furtherance of a process that was doomed from the start.  This is *the* issue subject of the motion – not the mischaracterized, collateral issues littering Plaintiff's opposition papers designed to distract the Court.[1] Importantly, Plaintiff and his counsel do not dispute the contention

---

[1]  Plaintiff, for example, frames Moving Defendants' argument to be that "Plaintiff's use of a remote translator, rather than an in-person translator, implies a lack of good faith."  (Plf. Opp. at p. 5 ¶ 14)  The motion is not premised on this act alone; rather, the failure to bring a translator is evidence of Plaintiff's intent not to settle any claims. Moreover, further reflecting lack of good faith, "for most of the mediation, Plaintiff's counsel had no apparent way to explain to Plaintiff" what was being said (which Plaintiff does not deny) and, as such, could not participate at the mediation until "the end of the mediation session, and after a significant delay" (again, which Plaintiff does not deny) when Plaintiff's counsel finally arranged for a Spanish-speaking person to translate Defendants' settlement offers, the mediator's statements, and Defendants' concluding remarks.  (Freedberg Decl., D.E. No. 68, at ¶¶13-14) Defendants, however, are bringing a motion for sanctions premised in part on Plaintiff and his counsel breaking the confidentiality of the session by bringing a third party who they did not disclose at the beginning of the session was Plaintiff's "friend" rather than a "translator".

that "they also refused to make a demand for class-wide settlement" at the mediation.  (Freedberg Decl., D.E. No. 68, at ¶ 16)  Plaintiff and his counsel also do not deny that they failed to provide notice to the mediator and the parties that Plaintiff would not make *any* demand at mediation -- whether on an individual or class basis.  Moreover, Plaintiff and his counsel do not deny that they had the option to remove the case from the mediation program but failed to do so and deprived both the mediator and Defendants the opportunity to exercise that option by failing to inform them of their intent.   In mischaracterizing the instant dispute, Plaintiff and his counsel shift the discussion to a false dispute and thereby avoid denying Moving Defendants' core allegations (which they cannot and do not deny without running afoul of their Rule 11 obligations).

Plaintiff and Lee Litigation Group simply do not address Defendants' contention that their failure to cancel the mediation knowing that they had no intention of entertaining the settlement of *any* claims is sanctionable behavior.  See Guillory v. Domtar Indus. Inc., 95 F.3d 1320, 1334-35 (5th Cir. 1996) (affirming sanctions for bad faith participation at settlement conference against party who failed to disclose lack of intent to settle; "[w]e cannot allow parties to waste the court's dispute resolution assets by pretending to support settlement while never intending to settle the case"). Indeed, one of the cases cited by Plaintiff, In re A.T. Reynolds & Sons, Inc., 452 B.R. 374 (S.D.N.Y. 2011), supports Defendants' position that a party who attends a mediation without an intent or authority to settle has engaged in sanctionable conduct.  Id. at 384-85 (party has engaged in mediation in good faith if it (1) acts in compliance with orders to attend mediation, (2) provides a pre-mediation statement, and (3) appears with authority to settle).

Even if Plaintiff and Lee Litigation Group did not care that Defendants would incur significant fees in unwittingly devoting time to a process that was doomed to failure because of their predetermined refusal to negotiate, one would expect more courtesy to a voluntary mediator who was not reimbursed for the hours devoted to the mediation under the misapprehension that

4

Plaintiff would participate in good faith to resolve the matter.  As reflected in Exhibit B to Plaintiff's opposition memorandum, the mediator requested position statements and supplementary materials sufficiently in advance of the session so that he could review and analyze the submissions and "do any preparatory research".  (D.E. No. 82-2)[2]  It is likely that the mediator would have cancelled the mediation or curtailed his efforts to prepare for the session had he known that Plaintiff and his counsel had no interest other than a fireside chat -- and, certainly, Moving Defendants would not have incurred $21,615.00 in fees for nothing more than a meet and greet.

Plaintiff and Lee Litigation Group not only fail to deny the essential allegations upon which this motion is premised, they fail to distinguish their conduct from the cases Moving Defendants cited awarding sanctions against parties for engaging in similar conduct.  (See Defs. Memo. at pp. 9-10)  Instead, Plaintiff and his counsel rely on inapposite cases and argue that a party is not obligated to make or accept a particular offer (Plf. Opp. Memo. at p. 7 at ¶ 11), which (again) is not at issue in the instant motion.

Plaintiff's reliance on Hess v. New Jersey Transit Rail Operations, Inc., 846 F.2d 114 (2d Cir. 1988), is unavailing.  In that case, the Second Circuit held that a party could not be held in criminal contempt for failing to comply with a court order that the party make a "bona fide offer of settlement", which is too vague and imprecise to be a basis for a criminal sanction.  Id. at 116.  Similarly, Kothe v. Smith, 771 F.2d 667 (2d Cir. 1985), is not instructive because the Second Circuit reversed sanctions against defendant for settling the claim for $20,000 after one day of trial where the court had earlier recommended a settlement in that range during a pretrial conference.  Id. at 669.  In penalizing defendant, the district court explained, "carriers are going to have to wake up when a judge tells them that they want [sic] to settle a case and they don't want to settle it."  Id.

---

[2]  By disclosing the content of this email, Plaintiff arguably violated § 2(b) of the Mediation Program Procedures, which provides that the parties "may not disclose discussions or other communications with the mediator".

In reversing sanctions, the Second Circuit reasoned Rule 16 was not meant to coerce parties into involuntary compromise and a party should not be penalized for changing its evaluation of a case after hearing testimony.  Id. at 669-70.  These issues are not present before the Court.

Plaintiff and Plaintiff's Counsel argue that they showed good faith by merely producing a position statement[3] and attending mediation, citing In re A.T. Reynolds & Sons, Inc., 452 B.R. 374 (S.D.N.Y. 2011).  But that as discussed above, this case stands for the proposition that a party must also attend a mediation with authority to settle. As repeated throughout this motion, Plaintiff and his counsel attended the mediation with no intention to settle.   They repudiated their individual damage calculation and refused to provide a demand to settle on a class basis.  Under these circumstances, Plaintiff and his counsel engaged in sanctionable conduct. The remaining cases cited by Plaintiff and his counsel do not support their assertion that their conduct does not warrant sanctions.  In Seidel v. Bradberry, No. 94 Civ. 147, 1998 WL 386161 (N.D. Tex. July 7, 1998), the court sanctioned a party for failing to attend a court-ordered mediation.  In Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001), the Eighth Circuit affirmed sanctions that covered the cost of the ADR conference, attorneys' fees, and a fine in part because defendant sent a representative with settlement authority only up to $500 and twice rejected settlement demands without any counteroffer.  Id. at 597.

Although Plaintiff and Plaintiff's counsel cite Francis v. Women's Obstetrics & Gynecology Group, P.C., 144 F.R.D. 646 (W.D.N.Y. 1992), the court granted sanctions for reasons that are applicable here.  In Francis, the sanctioned party waited until the settlement conference to notify plaintiffs that defendant's insurance carrier had not yet authorized coverage and used that

---

[3] Plaintiff contends the mediator required only an *ex parte* mediation statement, which, ignores what Plaintiff is required to produce under the Discovery Protocols.  In any event, movants do not seek sanctions on this base alone; instead, this lapse is further indicia of Plaintiff's lack of good faith in participating in the mediation process.

reason as a basis for not being in a position to make an offer.  Id. at 658.  As the court explained, "[t]here is no reason … why this coverage issues should have been raised at that late date" and, if truly an issue, the other parties and the mediator "should have been notified before the day of the conference so that the matter could have been rescheduled without inconvenience and causing expense to both the mediator and plaintiffs."  Id. at 649.

        As in Francis, Plaintiff and his counsel should have earlier notified the parties that they would not be making a settlement demand at mediation, so that the session could have been adjourned until Plaintiff was ready to make a demand on an individual or class basis; as such, and for the reasons set forth herein, the Court should sanction Plaintiff and Lee Litigation Group for participating in bad faith in mediation.  See Vay v. Huston, No. 14 CV 769, 2015 WL 791430, at *5 (W.D. Pa. Feb. 25, 2015) (granting sanctions where plaintiff never informed defendants that no demand would be made, plaintiff did not object when the case was referred to mediation, and plaintiff refused to make a demand at mediation).

## II.     THE COURT SHOULD GRANT ATTORNEY'S FEES AND EXPENSES REQUESTED AT THE UNOPPOSED RATE AND AMOUNT

        Plaintiff and Plaintiff's counsel do not contest the reasonableness of the attorneys' fees requested by Moving Defendants for Messrs. Freedberg and Malley.  (Defs. Memo. at p. 12) Nor do they contest the reasonableness of the fees incurred in connection with the mediation process.  (Id. at p. 13) As such, insofar as the Court is inclined to grant the motion, the Court should, at the very least, award sanctions at the rate and amount requested in Moving Defendants' papers.  Additionally, Moving Defendants request attorneys' fees in connection with preparing the instant motion.  By way of reminder, the rate for defense counsel Eli Z. Freedberg is $488.40 per hour, which is a reduction from his standard hourly rate of $650.00.  Additionally, the rate for defense counsel Gary Moy is $391.60 per hour, which is a reduction from his standard hourly rate

of $485.00.  According to time records, Messrs. Freedberg and Moy spent approximately 4.2 hours and 19.6 hours, respectively, in connection with preparing the instant motion (not including reply papers).  In sum, Moving Defendants incurred $8,753.97 plus $368.00 for legal research expenses. As such, in addition to the $21,615.00 set forth in the moving papers, the Court should sanction Plaintiff and Plaintiff's counsel in the amount of $30,736.97.

## III.     THE COURT SHOULD DENY  PLAINTIFF'S MOTION FOR SANCTIONS

Rather than recognize and apologize for their lapse, Plaintiff and his counsel take the tact that "when you have no defense try to go on offense" and argue that the Court should sanction Moving Defendants for purportedly disclosing "confidential communications" and filing a "frivolous" motion.  This cross-motion is brazen irony; since as discussed in Defendants' moving papers, Plaintiff and his counsel violated the session's confidentiality by allowing a third party -- who Defendants believed was a translator -- to attend mediation.  As such, not only should Plaintiff and his counsel be sanctioned for breaking the mediation's confidentiality, Plaintiff has waived any confidentiality he might otherwise have by exposing the contents of the session to a third party. See In re Kidder Peabody Sec. Litig., 168 F.R.D. 459, 468 (S.D.N.Y. 1996) ("Waiver may take place even if the disclosing party does not intentionally relinquish a known right").

In any event, Plaintiff did not submit a pre-motion conference letter pursuant the Court's Individual Rules and, as such, this request should be denied.  Nor did he file a notice of cross motion, which would be required to obtain this sort of relief.  Moreover, Plaintiff's "motion" is reliant upon a quotation from an outdated and no longer extant October 14, 2010 Order M10-468, which has been superseded by S.D.N.Y.'s Second Amended Standing Administrative Order M10-468, dated October 1, 2015, which does not contain the quote upon which Plaintiff relies. Local Civil Rule 83.9, which replaced Local Civil Rule 83.12 cited by Plaintiff, provides that the mediation program is governed by the Procedures of the Mediation Program for the Southern

District of New York.  See Local Civil Rule 83.9(c)(3).  The Procedures provide, in relevant part, the following: "Any communication made exclusively during or for the mediation process shall be confidential" and the "*mediator* shall not disclose any information about the mediation process, communications, or participants to anyone except for Mediation Office staff."  (See Procedures of the Mediation Program (12/26/2018), § 2(a), available at https://nysd.uscourts.gov/sites/default/files/2019-12/Mediation%20Program%20Procedures.final_.2018.pdf (emphasis added)).

Moving Defendants did not disclose any "confidential" communication and Plaintiff does not identify with any specificity what Moving Defendants disclosed that is purportedly "confidential".  Applying Plaintiff's reasoning, a party may never seek sanctions for misconduct (even if grave) -- no matter how vaguely described -- because to do so would broadly address the "mediation process".  This is an absurd position for which Plaintiff does not provide any legal authority and is contradicted by the cases cited by Moving Defendants granting sanctions.

Moving Defendants provided only a general description of Plaintiff's *conduct* -- not the content of any "confidential" communication -- which was the bare minimum necessary to give the Court sufficient information to infer bad faith participation by Plaintiff and his counsel.  Even if Plaintiff's refusal to make a settlement demand (whether on an individual or class basis) could be construed as a "communication", that refusal was not "made exclusively during or for the mediation process".  Nor is there anything "confidential" revealed by this description; Moving Defendants did not disclose any dollar amount (such as the itemized damages Plaintiff provided) and they did not disclose any information that implicates Plaintiff's valuation of his clams.

The court in Fisher v. SmithKline Beecham Corp., No. 07 CV 347, 2008 WL 4501860 (W.D.N.Y. Sept. 29, 2008) rejected a similar argument by a defendant opposing a motion for sanctions, which argued the disclosure of its $1,000 settlement offer violated the ADR Plan's

confidentiality provision. Id. at *5. The court rejected the clam: the offer "can best be described as a 'token' offer, rather than any indication by either Plaintiffs or Defendant of the actual monetary value of Plaintiffs' claims". Id. Also, the information was "necessary to establish Defendant's conduct is sanctionable based on Defendant's alleged lack of good faith in attending the [ ] mediation session, knowing full-well that Defendant did not intend to engage in any mediation". Id. The court granted sanctions because defendant's "failure to timely advise" the other parties of its intent "caused [them] to unnecessarily incur expenses for no good reason." Id. at 7.

Moving Defendants in this case provided even less information than the movant in Fischer. And contrary to Plaintiff's assertion, there is ample factual and legal bases for the motion for sanctions (the applicability of which Plaintiff did not contest in his opposition papers). Plaintiff and Lee Litigation Group's conduct wasted both the mediator and the parties' time and caused Moving Defendants to unnecessarily incur significant expenses in preparing for a mediation at which Plaintiff and his counsel had no intent to settle or negotiate. They should have adjourned the mediation and, at the very least, informed the other parties of their intent. Plaintiff and his counsel should be sanctioned and, at the very least, the Court should direct them to apologize.

## CONCLUSION

For the foregoing reasons, Moving Defendants respectfully request that the Court sanction Plaintiff and Plaintiff's counsel and grant any relief this Court may deem just and proper.

Date:   April 29, 2020
        New York, New York

                                        /s/
                        _____
                        Eli Z. Freedberg
                        Gary Moy
                        LITTLER MENDELSON, P.C.
                        900 Third Avenue,
                        New York, New York 10022.3298
                        *Attorneys for Moving Defendants*